**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

FILED
AUG 18 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

| | | |
|---|---|---|
| RICARDO GARCIA | ) | |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | **CIVIL ACTION NO**: |
| | ) | |
| Omar Salazar | ) | DR 26 CV 0060 |
| Defendant | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, RICARDO GARCIA, Plaintiff, complaining of Defendant Omar Salazar and for cause of action will respectfully show unto the Court as follows:

### I. Parties

1. Plaintiff Ricardo Garcia is a construction, with a degree in Computer Science and is a resident of Eagle Pass, Maverick County Texas.

2. Defendant Omar Salazar is an individual residing in Maverick County, Texas and at the time of this incident, employed by said County as a Sheriffs' Deputy badge #73.

## II. Jurisdiction and Venue

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983. Any state law claims are brought pursuant to 28 U.S.C. §1367 and are subject to this court's supplemental jurisdiction. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 because Defendant is domiciled and/or resides in the Western District of Texas, and all or a substantial part of the cause of action accrued in the Western District.

## III. Facts and Allegations

4 The law is very clear, on when Law enforcement Officers **MUST** take people before a magistrate.

5. When plaintiff demanded be taken before Magistrate, Defendant as punishment, did not do as the law directs, but rather had plaintiff seized for a long time in jail without ever being brought before magistrate.

6. All incident was capture on cellphone video, dash and body camera.

7. On August 17, 2024, at about the hour 01:00.00 plaintiff along with family was leaving his property, a residential location.

8. Along to Plaintiff property, over 200 feet distance, Defendant was cruising in his patrol car on HWY FM.1021.
9. While Plaintiff was still in his property, Defendant activated his lights on the other side of the highway and awaited for plaintiff to exit his property.
10. Defendant then did a U turn and stopped Plaintiff.

11. Plaintiff told Defendant he was exiting his property and on way to get something to eat.
12. A female deputy that arrived also knew, that Plaintiff had legal right to be there.
13. Defendant then asked Plaintiff if he had an I.D.
14. Plaintiff said he did but was not gonna show to him, pursuant to his Right.
15. Defendant then said Plaintiff was not going anywhere until he knew who plaintiff was.
16. Defendant then removed Plaintiff from his vehicle, handcuffed him and placed in back of his patrol car.
17. Plaintiff was not suspected of any criminal activity.
18. Defendant then got Plaintiffs identifying information from Plaintiffs wife.
19. Defendant yet after checking for warrants and all was good. still did not release plaintiff.
20. Defendant was also told by a supervisor **not** to arrest plaintiff.
21. Defendant then opened the patrol car door to release Plaintiff.
22. Defendant told Plaintiff to get out the patrol car and take a bogus traffic citation.
23. Defendant wanted to justify the stop by giving Plaintiff a ticket for expired registration.
24. Plaintiff told Defendant he was not in violation of the law.

**Sec. 502.407. OPERATION OF VEHICLE WITH EXPIRED LICENSE PLATE.**
(a) A person commits an offense if, **after the fifth working day** after the date the registration for the vehicle expires:

(1) the person operates on a public highway during a registration period a motor vehicle, trailer, or semitrailer that has attached to it a license plate for the preceding period; and

(2) the license plate has not been validated by the attachment of a registration insignia for the registration period in effect.

(b) A justice of the peace or municipal court judge having jurisdiction of the offense may:

(1) dismiss a charge of driving with an expired motor vehicle registration if the defendant:

(A) remedies the defect not later than the 20th working day after the date of the offense or before the defendant's first court appearance date, whichever is later; and

(B) establishes that the fee prescribed by Section 502.045 has been paid; and

(2) assess a reimbursement fee not to exceed $20 when the charge is dismissed.

(b-1) For purposes of dismissing a charge under Subsection (b), "day" does not include Saturday, Sunday, or a legal holiday.

(c) It is a defense to prosecution under this section that at the time of the offense:

(1) the office of the county assessor-collector for the county in which the owner of the vehicle resided was closed for a protracted period of time in accordance with department rules; and

(2) **the vehicle's registration was expired for 30 working days or less**.

25. The law is clear about the 5 **working** day grace period.

26. Texas grace period law is clear, when it starts, ends, continues and what days are and are not part of the grace period.

27. Incident to this litigation happened on a Saturday, not a working day, and before the end of the grace period.

28. Furthermore, aside from the grace period, provides a defense to prosecution; of 30 working days.

29 .Plaintiff then, pursuant to law, demanded to be taken before a magistrate according to. TRANSPORTATION CODE CHAPTER 543.

**TRANSPORTATION CODE**

**TITLE 7. VEHICLES AND TRAFFIC**

## SUBTITLE C. RULES OF THE ROAD

SUBCHAPTER A. ARREST AND CHARGING PROCEDURES; NOTICES AND PROMISES TO APPEAR

Sec. 543.002. PERSON ARRESTED TO BE TAKEN BEFORE MAGISTRATE. (a) A person arrested for a violation of this subtitle punishable as a misdemeanor shall be immediately taken before a magistrate if:

(1) the person is arrested on a charge of failure to stop in the event of a collision causing damage to property; or

(2) **the person demands an immediate appearance before a magistrate** or refuses to make a written promise to appear in court as provided by this subchapter.

30. Defendant then closed the patrol car door and took Plaintiff to jail.
31. Along the way Plaintiff requested to sign the citation and be allowed to go with family.
32. Defendant responded that plaintiff was now arrested.
33. Plaintiff was put in jail for following as the law proscribes and directs.
34. Defendant did not take plaintiff before a magistrate.
35. Defendant participated in the Plaintiff booking.
36. Defendant stripped search plaintiff and dressed plaintiff with prison clothing.
37. Plaintiff was in jail till the day.
38. Plaintiff never, has not seen or been before magistrate.
39. Defendant never took Plaintiff before magistrate.
40. Plaintiff was subsequently release with no paperwork or nothing.

41. The law is clear and IS not a "discretionarily function", about taking plaintiff to magistrate.

42. The direct order by defendants' supervisor, not to arrest IS ALSO not a "discretionary function"

43. By punishing plaintiff with jail, further preventing access to magistrate, Defendant is either plainly incompetent or knowingly violating the law, and is therefore, not entitled to the protection of qualified immunity.

44. It is a shock of conscience, for law enforcement to violate Due Process rights, when strictly required by the law.

## IV. Cause of Action

45.. A. Violation of 42 U.S.C. § 1983 Et. Seq., Fourth Amendment to the United States Constitution.

I. Illegal Detention & False Arrest

46. Without probable cause; Acting under the color of law, Defendant have deprived Plaintiff of his Rights..

47. By Illegally Seizing Plaintiff along road side without articulable reasonable or unreasonable suspicion of a crime.

48. By Illegally Seizing Plaintiff because plaintiff exersice his right to be secure in his papers and effects, his I.D.

49. By Illegally re Seizing Plaintiff after releasing when Plaintiff demanded to be taken before magistrate.

## V. Cause of Action

50. Violation of 42 U.S.C. § 1983 Et. Seq., Fourteenth Amendment to the United States Constitution, Due Process Clause

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without *due process* of law; nor deny to any person within its jurisdiction the equal protection of the laws"

51. Without the requirement of probable cause and Due Process, Plaintiff was deprived by Defendant, of his liberty, and due process requiring be taken before a magistrate, pursuant to law.

## Qualified Immunity

52. It is we established that "government officials **performing discretionary functions** may be protected by qualified immunity from civil damages if their actions have not violated a clearly established statutory or constitutional right that a reasonable person would have known".
53. A reasonable person would have known to take Plaintiff before magistrate.
54. Defendant actions were not discretionary functions because he was ordered by his supervisor not to arrest plaintiff.

55. Defendant actions were not discretionary functions because he was ordered by law that, specifically states, what the officer **must do** when demanded to be taken to magistrate.

56. As It is anticipated that the Defendants will raise, or attempt to raise, a defense of qualified immunity. In this regard, Plaintiff pleads that it was well-established law, well before August 17, 2024, that every citizen of the United States has a clearly defined constitutional right to be free from an unlawful seizure by law enforcement officials in accordance with the Fourth Amendment to the United States Constitution, as applied to the several States through the Fourteenth Amendment, and to be free from false arrests not based on probable cause.

57. As a professional police officers, Defendant should have known the plaintiff was required to be brought before magistrate. Defendant should have known that the Plaintiff had not committed any criminal offense that would warrant a stop, detention, and demand for identification or an arrest. No reasonable police officer would have believed probable cause existed to make an arrest or to physically restrain or handcuff Plaintiff. No reasonable police officer would have believed probable cause existed under these circumstances to make as arrest for Expired Registration, Failure to Appear and Refuse to Sign. No reasonable law enforcement official would have acted as Defendant did under these circumstances. By preventing Plaintiff of magistrate and be released, Defendant is either plainly incompetent or knowingly violating the law, and are therefore, is not entitled to the protection of qualified immunity.

## VI. Damages

58. As a direct and proximate result of the occurrence made bases of this lawsuit, Plaintiff was forced to suffer:

a. Loss of Liberty;

b. Emotional distress, torment and mental anguish;

c. Pecuniary loss associated with Plaintiff's arrest and criminal charges.

59. Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff seeks to recover, and hereby request the award of exemplary damages, reasonable attorney's fees should any incur in the future, expenses and costs of court.

## VII. Jury Request

60. Plaintiff respectfully request a jury trial.

## VIII. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant, for amount in excess of jurisdictional minimum of this court. Plaintiff further prays for all other relief, both legal and equitable, to which they may show themselves justly entitled.

Respectfully submitted,
/s/ Ricardo Garcia

Ricardo Garcia
RICARDO GARCIA
299 Karen DR.
Eagle Pass, TX 78852
(830) 352-2811
Mr.kool.kat1@gmail.com
Self-representing

Ricardo Garcia
299 Koren Dr
Eagle Pass, TX
78852










RECEIVED

AUG 17 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY______________________
DEPUTY CLERK

U.S.Distrct
111 East Broadway
STE 100
Del Rio, TX
78840